UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA GARZA,

       Plaintiff,

v.

SYNCHRONY BANK, WELLS FARGO BANK, N.A., TRANSUNION, LLC, EQUIFAX INFORMATION SERVICES, LLC, AND EXPERIAN INFORMATION SOLUTIONS, INC.,

       Defendants.
_____/

Case Number
Honorable

HADOUS|CO. PLLC
Nemer N. Hadous, CA #264431
24725 W. 12 Mile Rd., Ste. 110
Southfield, Michigan 48034
(248) 663-5155
nhadous@hadousco.com
Attorneys for Plaintiff Angela Garza

## COMPLAINT

Plaintiff Angela Garza, ("Plaintiff"), by counsel, brings this action for damages against Defendants Synchrony Bank ("Synchrony"), Wells Fargo Bank, N.A. ("Wells Fargo"), TransUnion, LLC ("TransUnion"), Equifax Information Services, LLC ("Equifax"), and Experian Information Solutions, Inc. ("Experian") (collectively, "Defendants"), alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction because this action arises from violations of federal law. 28 U.S.C. §§ 1331. Jurisdiction is also proper pursuant to 15 U.S.C. 1681p (FCRA) (permitting actions to enforce liability in appropriate federal district court).

2. Venue in the United States District Court for the Eastern District of Michigan is proper because Plaintiff resides in this District, Defendants regularly transact business within this District and are otherwise subject to personal jurisdiction in this District, and a substantial part of the events or omissions giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

4. During all time relevant to this Complaint, Plaintiff was a citizen and resident of Genesee County Michigan.

5. During all time pertinent to this Complaint, Synchrony was authorized to conduct business in the State of Michigan and conducted business in Michigan on a routine and systematic basis.

6. Synchrony Bank is a subsidiary of Synchrony Financial. Synchrony Bank can be served at its headquarters located at 170 West Election Road, Suite 125, Draper, Utah 84020.

7. Synchrony is a "furnisher of information" under 15 U.S.C. §§ 1681s-2(a) and 1681s-2(a) (b) of the FCRA.

8. During all time pertinent to this Complaint, Wells Fargo Bank, N.A was authorized to conduct business in the State of Michigan and conducted business in Michigan on a routine and systematic basis.

9. Wells Fargo Bank, N.A. is a subsidiary of Wells Fargo and Company, a corporation organized under the laws of the State of South Dakota and is a "person," as defined by 47 U.S.C. § 153 (10). Wells Fargo Bank, N.A. can be served with process through its registered agent: CSC-Lawyers Incorporating Service (Company), 601 Abbott Rd., Suite 2345, Lansing, Michigan 48823.

10. Wells Fargo Bank, N.A. is a "furnisher of information" under 15 U.S.C. §§ 1681s-2(a) and 1681s-2(a) (b) of the FCRA.

11. TransUnion is a corporation organized under the laws of Delaware. During all time pertinent to this Complaint, TransUnion was authorized to conduct business in the State of Michigan and conducted business in Michigan on a routine and systematic basis. TransUnion can be served with process through its

registered agent: The Prentice-Hall Corporation System, Inc., 601 Abbott Rd., East Lansing, Michigan 48823.

12. TransUnion is a "consumer reporting agency," as defined by 15 U.S.C. §1681a(f) of the FCRA. TransUnion regularly furnishes consumer reports to third parties for monetary compensation, fees and other dues.

13. Equifax is a corporation organized under the laws of Georgia. During all time pertinent to this Complaint, Equifax was authorized to conduct business in the State of Michigan and conducted business in Michigan on a routine and systematic basis. Equifax can be served with process through its registered agent: CSC-Lawyers Incorporating Service (Company), 601 Abbott Rd., East Lansing, Michigan 48823.

14. Equifax is a "consumer reporting agency," as defined by 15 U.S.C. §1681a(f) of the FCRA. Equifax regularly furnishes consumer reports to third parties for monetary compensation, fees and other dues.

15. Experian is a corporation organized under the laws of Ohio and is a "person," as defined by 47 U.S.C. § 153 (10). During all time pertinent to this Complaint, Experian was authorized to conduct business in the State of Michigan and conducted business in Michigan on a routine and systematic basis. Experian can be served with process through its registered agent: The Corporation Company, 40600 Ann Arbor Rd E Ste. 201, Plymouth, Michigan 48170.

16. Experian is a "consumer reporting agency," as defined by 15 U.S.C. §1681a(f) of the FCRA. Experian regularly furnishes consumer reports to third parties for monetary compensation, fees and other dues.

17. At all time pertinent to this Complaint, all Defendants acted through authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

18. Any violations by Defendants set forth in this Complaint were not the product of good faith, and were knowing, willful, negligent, and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation, or to ensure maximum possible accuracy when preparing consumer reports.

## FACTUAL ALLEGATIONS

19. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

### Synchrony Bank Tradeline

20. Plaintiff had a Synchrony account with an outstanding balance. Plaintiff settled and closed this account with Synchrony.

21. After finalizing the Synchrony settlement, Synchrony assigned and/or sold Plaintiff's purported account to Firstsource Advantage, LLC, a third party debt collector who attempted to collect a debt from Plaintiff regarding the

purported Synchrony account that Plaintiff settled. Plaintiff advised Firstsource Advantage, LLC she settled the Synchrony account, the debt collector contacted Synchrony, and the collector did not make further attempts to contact Plaintiff.

22. Nonetheless, Synchrony reported inaccurate and incorrect information about Plaintiff to the national consumer reporting agencies Equifax, Experian, and TransUnion.

23. Synchrony reported derogatory information about Plaintiff, including inaccurate payment history, and reporting Plaintiff's account with an existing past due balance, and an existing status of charge-off. This is incorrect and inaccurate.

24. Plaintiff disputed the Synchrony tradeline with Equifax, Experian, and TransUnion in writing, advising each the Synchrony account was resolved and that the current status and past due balance status are therefore incorrect.

25. Plaintiff's dispute was futile.

26. Consequently, Plaintiff suffers damages.

## Wells Fargo Bank Tradeline

27. Plaintiff was a joint accountholder on a Wells Fargo account.

28. The other accountholder filed for bankruptcy on this account, and Plaintiff kept making payments on the Wells Fargo account to Wells Fargo.

29. Nonetheless, Wells Fargo falsely reports the account as a charge-off to Experian and TransUnion during all relevant time, even though Plaintiff paid the account off in full and made timely monthly payments.

30. Plaintiff disputed the Wells Fargo tradeline with Experian, and TransUnion in writing, advising each of the foregoing.

31. Plaintiff's dispute was futile.

32. Consequently, Plaintiff suffers damages.

## COUNT ONE
## VIOLATION OF FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681
TransUnion, Equifax, Experian, and Synchrony Bank

33. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

34. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continual functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy.

35. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other consumer information. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

The Consumer Reporting Agencies:<br>Defendants Equifax, Experian, and TransUnion

36. Equifax is a consumer reporting agency. As such, Equifax is required to use reasonable procedures to ensure maximum possible accuracy when preparing consumer reports, including reasonably verifying account balances, account status, and payment history.

37. Experian is a consumer reporting agency. As such, Experian is required to use reasonable procedures to ensure maximum possible accuracy when preparing consumer reports, including reasonably verifying account balances, account status, and payment history.

38. TransUnion is a consumer reporting agency. As such, TransUnion is required to use reasonable procedures to ensure maximum possible accuracy when preparing consumer reports, including reasonably verifying account balances, account status, and payment history.

39. Equifax, Experian, and TransUnion violated 15 U.S.C. §§ 1681e(b) by failing to use reasonable procedures to ensure maximum possible accuracy of Plaintiff's consumer disclosure.

40. Equifax, Experian, and TransUnion are also required to perform a reasonable reinvestigation of consumer disputes. Plaintiff disputed demonstrably false account information with these Defendants and supplied information about the disputed Synchrony tradeline sufficient to warrant a reasonable investigation. Nonetheless, these Defendants failed to perform a reasonable reinvestigation of Plaintiff's consumer dispute, including taking reasonable steps to verifying the account balance, account status, or payment history with Plaintiff or Synchrony.

41. Plaintiff disputed demonstrably false account information with Experian and TransUnion regarding the Wells Fargo account including account status, payment status, and account history. Plaintiff supplied information about the disputed Wells Fargo tradeline sufficient to warrant a reasonable investigation, even though the tradelines are inaccurate, incorrect and misleading on their face. Nonetheless, these Defendants failed to perform a reasonable reinvestigation of Plaintiff's consumer dispute, including taking reasonable steps to verifying the account with Plaintiff or Wells Fargo.

42. Equifax, Experian, and TransUnion's conduct was a direct and proximate cause, as well as a substantial factor in causing damages and harm to

Plaintiff as described herein. Consequently, these Defendants are liable for statutory damages, actual damages, punitive damages, attorneys' fees, costs, as well as other such relief permitted by 15 U.S.C. § 1681n.

### Furnishers of Information:
### Defendants Synchrony Bank and Wells Fargo

43. Defendants Synchrony and Wells Fargo are furnishers of information under the FCRA.

44. The FCRA requires that furnishers of information such as Synchrony and Wells Fargo conduct an investigation with respect to disputed information, review all relevant information, and report the results of the investigation to the credit reporting agency, and, if the investigation reveals the information is incomplete or inaccurate, report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

45. Plaintiff disputed the Synchrony tradeline with Equifax, Experian, and TransUnion. Synchrony received notice of the dispute from Equifax, Experian, and/or TransUnion and failed to take corrective measures. Synchrony incorrectly reported the tradeline information in the first instance despite actual knowledge that this information was false and inaccurate based on its own records. Further, the debt collector Synchrony hired and/or to whom Synchrony sold the alleged debt notified Synchrony that there was no outstanding debt.

46. Likewise, Plaintiff disputed the Wells Fargo tradeline with Experian, and TransUnion. Wells Fargo received notice of the dispute from Experian, and/or TransUnion and failed to take corrective measures. Wells Fargo incorrectly reported account status, account history, and payment history despite actual knowledge this information is false and inaccurate.

47. Synchrony and Wells Fargo violated sections 15 U.S.C. §§ 1681n and 1681o of the FCRA by engaging in willful and negligent noncompliance of 15 U.S.C. § 1681s-2(a), (b), and engaging in conduct that violates 15 U.S.C. § 1681s-2(a), (b), including:

(a) Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

(b) Willfully and negligently failing to review all relevant information concerning the account;

(c) Willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

(d) Willfully and negligently failing to report the inaccurate status of the inaccurate information to all consumer reporting agencies;

(e) Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and

        all consumer reporting agencies concerning the inaccurate information disputed by Plaintiff; and

(f)     Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to the credit reporting agencies when Synchrony has actual knowledge of the falsity of the information it reported to the consumer reporting agencies.

48.    Synchrony and Wells Fargo were a direct and proximate cause, as well as a substantial factor in causing damages and harm to Plaintiff. Consequently, Synchrony and Wells Fargo are liable for actual and statutory damages, punitive damages, attorneys' fees, costs, and other relief permitted by 15 U.S.C. § 1681n.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants for the following:

(a)     Actual and statutory damages pursuant to 15 U.S.C. § 1681n(a)(1) and § 1681o(a)(1);

(b)     Punitive damages as the Court may allow pursuant to 15 U.S.C. §§ 1681n(a)(2);

(c) Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(1); and

(d) Such other and further relief as this Honorable Court may deem just and proper, including post-judgment interest.

## JURY DEMAND

Plaintiff hereby demands jury trial on all issues so triable.

**RESPECTFULLY SUBMITTED** this 4th day of December 2017,

                         HADOUS|CO. PLLC

                         /s/Nemer N. Hadous
                         Nemer N. Hadous, CA #264431
                         24725 W. 12 Mile Rd., Ste. 110
                         Southfield, Michigan 48034
                         (248) 663-5155
                         nhadous@hadousco.com
                         Attorneys for Plaintiff Angela Garza