## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

---

ANGELA GARZA,

        Plaintiff,

v.

SYNCHRONY BANK, WELLS
FARGO BANK, N.A., TRANSUNION,
LLC, EQUIFAX INFORMATION
SERVICES,  LLC, AND EXPERIAN
INFORMATION SOLUTIONS, INC.,

    Defendants.

Case No. 17-cv-13911
Honorable Stephen J. Murphy, III

---

## WELLS FARGO BANK'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Wells Fargo Bank, N.A. ("Wells Fargo") states as follows in response to Plaintiff Angela Garza's complaint:

## JURISDICTION AND VENUE

1.      This Court has federal question jurisdiction because this action arises from violations of federal law. 28 U.S.C. §§ 1331. Jurisdiction is also proper pursuant to 15 U.S.C. 1681p (FCRA) (permitting actions to enforce liability in appropriate federal district court).

**ANSWER:** This paragraph states legal conclusion to which no response is required. To the extent a response is required, the allegations are denied to the extent inconsistent with governing law.

2.      Venue in the United States District Court for the Eastern District of Michigan is proper because Plaintiff resides in this District, Defendants regularly transact business within this District and are otherwise subject to personal jurisdiction in this District, and a substantial part of the events or omissions giving rise to this action occurred in this District.

**ANSWER:** This paragraph states legal conclusion to which no response is required. To the extent a response is required, the allegations are denied to the extent inconsistent with governing law.

## PARTIES

3.      Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

**ANSWER:** Wells Fargo incorporate by reference its response to the above paragraphs.

4.      During all time relevant to this Complaint, Plaintiff was a citizen and resident of Genesee County Michigan.

**ANSWER:** Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

5.      During all time pertinent to this Complaint, Synchrony was authorized to conduct business in the State of Michigan and conducted business in Michigan on a routine and systematic basis.

**ANSWER:** The allegations asserted in this paragraph are not directed to Wells Fargo and are therefore avoided or denied under Rule 8(b)(6).

6.      Synchrony Bank is a subsidiary of Synchrony Financial. Synchrony Bank can be served at its headquarters located at 170 West Election Road, Suite 125, Draper, Utah 84020.

**ANSWER:** The allegations asserted in this paragraph are not directed to Wells Fargo and are therefore avoided or denied under Rule 8(b)(6).

7.      Synchrony is a "furnisher of information" under 15 U.S.C. §§ 1681s-2(a) and 1681s-2(a) (b) of the FCRA.

**ANSWER:** The allegations asserted in this paragraph are not directed to Wells Fargo and are therefore avoided or denied under Rule 8(b)(6).

8.      During all time pertinent to this Complaint, Wells Fargo Bank, N.A was authorized to conduct business in the State of Michigan and conducted business in Michigan on a routine and systematic basis.

**ANSWER:** Admitted.

9.      Wells Fargo Bank, N.A. is a subsidiary of Wells Fargo and Company, a corporation organized under the laws of the State of South Dakota

and is a "person," as defined by 47 U.S.C. § 153 (10). Wells Fargo Bank, N.A. can be served with process through its registered agent: CSC-Lawyers Incorporating Service (Company), 601 Abbott Rd., Suite 2345, Lansing, Michigan 48823.

**ANSWER:** Denied that Wells Fargo is a corporation organized under the laws of South Dakota. The allegation relating to 47 U.S.C. § 153 (10) states a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied to the extent inconsistent with governing law. The remaining allegations are admitted.

10.    Wells Fargo Bank, N.A. is a "furnisher of information" under 15 U.S.C. §§ 1681s-2(a) and 1681s-2(a) (b) of the FCRA.

**ANSWER:** The allegations asserted in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied to the extent inconsistent with governing law.

11.    TransUnion is a corporation organized under the laws of Delaware. During all time pertinent to this Complaint, TransUnion was authorized to conduct business in the State of Michigan and conducted business in Michigan on a routine and systematic basis. TransUnion can be served with process through its registered agent: The Prentice-Hall Corporation System, Inc., 601 Abbott Rd., East Lansing, Michigan 48823.

**ANSWER:** The allegations asserted in this paragraph are not directed to Wells Fargo and therefore are avoided or denied under Rule 8(b)(6).

12.   TransUnion is a "consumer reporting agency," as defined by 15 U.S.C. §1681a(f) of the FCRA. TransUnion regularly furnishes consumer reports to third parties for monetary compensation, fees and other dues.

**ANSWER:** The allegations asserted in this paragraph are not directed to Wells Fargo and therefore are avoided or denied under Rule 8(b)(6).

13.   Equifax is a corporation organized under the laws of Georgia. During all time pertinent to this Complaint, Equifax was authorized to conduct business in the State of Michigan and conducted business in Michigan on a routine and systematic basis. Equifax can be served with process through its registered agent: CSC-Lawyers Incorporating Service (Company), 601 Abbott Rd., East Lansing, Michigan 48823.

**ANSWER:** The allegations asserted in this paragraph are not directed to Wells Fargo and therefore are avoided or denied under Rule 8(b)(6).

14.   Equifax is a "consumer reporting agency," as defined by 15 U.S.C. §1681a(f) of the FCRA. Equifax regularly furnishes consumer reports to third parties for monetary compensation, fees and other dues.

**ANSWER:** The allegations asserted in this paragraph are not directed to Wells Fargo and therefore are avoided or denied under Rule 8(b)(6).

15.    Experian is a corporation organized under the laws of Ohio and is a "person," as defined by 47 U.S.C. § 153 (10). During all time pertinent to this Complaint, Experian was authorized to conduct business in the State of Michigan and conducted business in Michigan on a routine and systematic basis. Experian can be served with process through its registered agent: The Corporation Company, 40600 Ann Arbor Rd E Ste. 201, Plymouth, Michigan 48170.

**ANSWER:** The allegations asserted in this paragraph are not directed to Wells Fargo and therefore are avoided or denied under Rule 8(b)(6).

16.    Experian is a "consumer reporting agency," as defined by 15 U.S.C. §1681a(f) of the FCRA. Experian regularly furnishes consumer reports to third parties for monetary compensation, fees and other dues.

**ANSWER:** The allegations asserted in this paragraph are not directed to Wells Fargo and therefore are avoided or denied by Wells Fargo under Rule 8(b)(6).

17.    At all time [sic] pertinent to this Complaint, all Defendants acted through authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

**ANSWER:** To the extent the allegations are directed to Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the

allegations. The allegations asserted in this paragraph not directed to Wells Fargo are avoided or denied by Wells Fargo under Rule 8(b)(6).

18.   Any violations by Defendants set forth in this Complaint were not the product of good faith, and were knowing, willful, negligent, and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation, or to ensure maximum possible accuracy when preparing consumer reports.

**ANSWER:** To the extent the allegations in this paragraph are directed to Wells Fargo, it lacks knowledge or information sufficient to form a belief as to the truth of the allegations. The allegations asserted in this paragraph not directed to Wells Fargo are avoided or denied under Rule 8(b)(6).

## FACTUAL ALLEGATIONS

19.   Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

**ANSWER:** Wells Fargo incorporates by reference its response to the above paragraphs.

### Synchrony Bank Tradeline

20.   Plaintiff had a Synchrony account with an outstanding balance. Plaintiff settled and closed this account with Synchrony.

**ANSWER:** The allegations asserted in this paragraph are not directed to Wells Fargo and therefore are avoided or denied under Rule 8(b)(6).

21.     After finalizing the Synchrony settlement, Synchrony assigned and/or sold Plaintiff's purported account to Firstsource Advantage, LLC, a third party debt collector who attempted to collect a debt from Plaintiff regarding the purported Synchrony account that Plaintiff settled. Plaintiff advised Firstsource Advantage, LLC she settled the Synchrony account, the debt collector contacted Synchrony, and the collector did not make further attempts to contact Plaintiff.

**ANSWER:** The allegations asserted in this paragraph are not directed to Wells Fargo and therefore are avoided or denied under Rule 8(b)(6).

22.     Nonetheless, Synchrony reported inaccurate and incorrect information about Plaintiff to the national consumer reporting agencies Equifax, Experian, and TransUnion.

**ANSWER:** The allegations asserted in this paragraph are not directed to Wells Fargo and therefore are avoided or denied under Rule 8(b)(6).

23.     Synchrony reported derogatory information about Plaintiff, including inaccurate payment history, and reporting Plaintiff's account with an existing past due balance, and an existing status of charge-off. This is incorrect and inaccurate.

8

**ANSWER:** The allegations asserted in this paragraph are not directed to Wells Fargo and therefore are avoided or denied under Rule 8(b)(6).

24.     Plaintiff disputed the Synchrony tradeline with Equifax, Experian, and TransUnion in writing, advising each the Synchrony account was resolved and that the current status and past due balance status are therefore incorrect.

**ANSWER:** The allegations asserted in this paragraph are not directed to Wells Fargo and therefore are avoided or denied under Rule 8(b)(6).

25.     Plaintiff's dispute was futile.

**ANSWER:** The allegations asserted in this paragraph are not directed to Wells Fargo and therefore are avoided or denied under Rule 8(b)(6).

26.     Consequently, Plaintiff suffers damages.

**ANSWER:** The allegations asserted in this paragraph are not directed to Wells Fargo and therefore are avoided or denied under Rule 8(b)(6).

**Wells Fargo Bank Tradeline**

27.     Plaintiff was a joint accountholder on a Wells Fargo account.

**ANSWER:** Denied as untrue; Plaintiff was a joint account holder on a Home Projects Visa offered by Wells Fargo Financial National Bank, an affiliate of Wells Fargo.

28.     The other accountholder filed for bankruptcy on this account, and Plaintiff kept making payments on the Wells Fargo account to Wells Fargo.

**ANSWER:** Admitted that other joint account holder filed for bankruptcy and that Plaintiff made payments on the account to Wells Fargo Financial National Bank, an affiliate of Wells Fargo. The remaining allegations are denied as untrue.

29.    Nonetheless, Wells Fargo falsely reports the account as a charge-off to Experian and TransUnion during all relevant time, even though Plaintiff paid the account off in full and made timely monthly payments.

**ANSWER:** Admitted that Plaintiff paid the Home Projects Visa account off in full; the remaining allegations are denied as untrue.

30.    Plaintiff disputed the Wells Fargo tradeline with Experian, and TransUnion in writing, advising each of the foregoing.

**ANSWER:** Admitted that Plaintiff disputed the Home Projects Visa trade line with Experian and Transunion. Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

31.    Plaintiff's dispute was futile.

**ANSWER:** Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

32.    Consequently, Plaintiff suffers damages.

**ANSWER:** Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

## COUNT ONE
## VIOLATION OF FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681
## TransUnion, Equifax, Experian, and Synchrony Bank

33.    Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

**ANSWER:** Wells Fargo incorporates by reference its response to the above paragraphs.

34.    The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continual functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy.

**ANSWER:** The allegations asserted in this paragraph are not directed to Wells Fargo and therefore are avoided or denied under Rule 8(b)(6).

35.    The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other

consumer information. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

**ANSWER:** The allegations asserted in this paragraph are not directed to Wells Fargo and therefore are avoided or denied under Rule 8(b)(6).

<div align="center">

**The Consumer Reporting Agencies:**
**Defendants Equifax, Experian, and TransUnion**

</div>

36.    Equifax is a consumer reporting agency. As such, Equifax is required to use reasonable procedures to ensure maximum possible accuracy when preparing consumer reports, including reasonably verifying account balances, account status, and payment history.

**ANSWER:** The allegations asserted in this paragraph are not directed to Wells Fargo and therefore are avoided or denied under Rule 8(b)(6).

37.    Experian is a consumer reporting agency. As such, Experian is required to use reasonable procedures to ensure maximum possible accuracy when preparing consumer reports, including reasonably verifying account balances, account status, and payment history.

**ANSWER:** The allegations asserted in this paragraph are not directed to Wells Fargo and therefore are avoided or denied under Rule 8(b)(6).

38.    TransUnion is a consumer reporting agency. As such, TransUnion is required to use reasonable procedures to ensure maximum possible accuracy

when preparing consumer reports, including reasonably verifying account

balances, account status, and payment history.

**ANSWER:** The allegations asserted in this paragraph are not directed to Wells

Fargo and therefore are avoided or denied by Wells Fargo under Rule 8(b)(6).

39.    Equifax, Experian, and TransUnion violated 15 U.S.C. §§ 1681e(b) by

failing to use reasonable procedures to ensure maximum possible accuracy of

Plaintiff's consumer disclosure.

**ANSWER:** The allegations asserted in this paragraph are not directed to Wells

Fargo and therefore are avoided or denied under Rule 8(b)(6).

40.    Equifax, Experian, and TransUnion are also required to perform a

reasonable reinvestigation of consumer disputes. Plaintiff disputed demonstrably

false account information with these Defendants and supplied information about

the disputed Synchrony tradeline sufficient to warrant a reasonable investigation.

Nonetheless, these Defendants failed to perform a reasonable reinvestigation of

Plaintiff's consumer dispute, including taking reasonable steps to verifying the

account balance, account status, or payment history with Plaintiff or Synchrony.

**ANSWER:** The allegations asserted in this paragraph are not directed to Wells

Fargo and therefore are avoided or denied under Rule 8(b)(6).

41.    Plaintiff disputed demonstrably false account information with

Experian and TransUnion regarding the Wells Fargo account including account

status, payment status, and account history. Plaintiff supplied information about the disputed Wells Fargo tradeline sufficient to warrant a reasonable investigation, even though the tradelines are inaccurate, incorrect and misleading on their face. Nonetheless, these Defendants failed to perform a reasonable reinvestigation of Plaintiff's consumer dispute, including taking reasonable steps to verifying the account with Plaintiff or Wells Fargo.

**ANSWER:** The allegations asserted in this paragraph are not directed to Wells Fargo and therefore are avoided or denied under Rule 8(b)(6).

42.    Equifax, Experian, and TransUnion's conduct was a direct and proximate cause, as well as a substantial factor in causing damages and harm to Plaintiff as described herein. Consequently, these Defendants are liable for statutory damages, actual damages, punitive damages, attorneys' fees, costs, as well as other such relief permitted by 15 U.S.C. § 1681n.

**ANSWER:** The allegations asserted in this paragraph are not directed to Wells Fargo and therefore are avoided or denied under Rule 8(b)(6).

<div align="center">

**Furnishers of Information:**
**Defendants Synchrony Bank and Wells Fargo**

</div>

43.    Defendants Synchrony and Wells Fargo are furnishers of information under the FCRA.

**ANSWER:** The allegations asserted in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the allegations

<div align="center">14</div>

are denied to the extent inconsistent with governing law. The allegations asserted

in this paragraph that are not directed to Wells Fargo are avoided or denied under

Rule 8(b)(6).

44.     The FCRA requires that furnishers of information such as Synchrony

and Wells Fargo conduct an investigation with respect to disputed information,

review all relevant information, and report the results of the investigation to the

credit reporting agency, and, if the investigation reveals the information is

incomplete or inaccurate, report those results to all other credit reporting agencies

to which the furnisher has provided the inaccurate information.

**ANSWER:** The allegations asserted in this paragraph are not directed to Wells

Fargo and therefore are avoided or denied under Rule 8(b)(6).

45.     Plaintiff disputed the Synchrony tradeline with Equifax, Experian,

and TransUnion. Synchrony received notice of the dispute from Equifax,

Experian, and/or TransUnion and failed to take corrective measures. Synchrony

incorrectly reported the tradeline information in the first instance despite actual

knowledge that this information was false and inaccurate based on its own

records. Further, the debt collector Synchrony hired and/or to whom Synchrony

sold the alleged debt notified Synchrony that there was no outstanding debt.

**ANSWER:** The allegations asserted in this paragraph are not directed to Wells

Fargo and therefore are avoided or denied under Rule 8(b)(6).

46.     Likewise, Plaintiff disputed the Wells Fargo tradeline with Experian, and TransUnion. Wells Fargo received notice of the dispute from Experian, and/or TransUnion and failed to take corrective measures. Wells Fargo incorrectly reported account status, account history, and payment history despite actual knowledge this information is false and inaccurate.

**ANSWER:** Admitted that Wells Fargo received from Experian and TransUnion that Plaintiff disputed the reporting of the Home Projects Visa trade line; the remaining allegations are denied as untrue.

47.     Synchrony and Wells Fargo violated sections 15 U.S.C. §§ 1681n and 16810 of the FCRA by engaging in willful and negligent noncompliance of 15 U.S.C. § 1681s-2(a), (b), and engaging in conduct that violates 15 U.S.C. § 1681s-2(a), (b), including:

(a)     Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

(b)     Willfully and negligently failing to review all relevant information concerning the account;

(c)     Willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

(d)     Willfully and negligently failing to report the inaccurate status of the inaccurate information to all consumer reporting agencies;

(e)     Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all consumer reporting agencies concerning the inaccurate information disputed by Plaintiff; and

(f)     Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to the credit reporting agencies when Synchrony has actual knowledge of the falsity of the information it reported to the consumer reporting agencies.

**ANSWER:** The allegations asserted in this paragraph not directed to Wells Fargo are avoided or denied under Rule 8(b)(6).The remaining allegations asserted in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

48.     Synchrony and Wells Fargo were a direct and proximate cause, as well as a substantial factor in causing damages and harm to Plaintiff. Consequently, Synchrony and Wells Fargo are liable for actual and statutory damages, punitive damages, attorneys' fees, costs, and other relief permitted by 15 U.S.C. § 1681n.

**ANSWER:** The allegations asserted in this paragraph not directed to Wells Fargo are avoided or denied under Rule 8(b)(6).The remaining allegations asserted in this

paragraph state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## AFFIRMATIVE DEFENSES

1.      Plaintiff has failed to state a claim upon which relief may be granted against Wells Fargo.

2.      Plaintiff's claims are barred by an agreement to arbitrate.

3.      Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

4.      Plaintiff's claims are barred in whole or in part by the provisions of the Fair Credit Reporting Act, including but not limited to §§ 1681h(e) and 1681t.

5.      Wells Fargo has at all times followed reasonable procedures to assure (i) that it provides accurate and complete information with respect to the reporting of Plaintiff's trade line, and (ii) that it properly investigates or reinvestigates a consumer dispute.

6.      Plaintiff's damages are the result of acts or omissions of Plaintiff, or of parties other than Wells Fargo over whom Wells Fargo has no control, or non-parties over whom Wells Fargo has no control.

7.      Plaintiff has failed to take reasonable steps to mitigate his alleged damages.

8.     Wells Fargo reserves the right to assert additional defenses as they become known through additional investigation and discovery.

## JURY DEMAND

Wells Fargo denies that Plaintiff is entitled to a jury trial on her claims against it. Plaintiff waived her right to a jury trial under the terms of the credit agreement governing the trade line that is the subject of this action. Additionally, Plaintiff waived her right for this Court to try the claims against Wells Fargo when she agreed to arbitrate her claims under the terms of the credit agreement. See highlighted portions of Exhibit A.

WHEREFORE, Wells Fargo denies that Plaintiff is entitled to any relief from this Court, and requests that an order of dismissal be entered in its favor and against Plaintiff on all counts, and that Wells Fargo be awarded costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

By: s/Emily C. Palacios
Miller, Canfield, Paddock, and Stone, PLC
*Attorney for Defendant Wells Fargo Bank, N.A.*
101 North Main Street, 7th Floor
Ann Arbor, Michigan  48104
T: (734) 668-7784
palacios@millercanfield.com
(P64941)

Dated: January 19, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2018, I electronically filed the foregoing *Answer and Affirmative Defenses to Plaintiff's Complaint* with the Clerk of the Court using the ECF system, which will send notification of such filing to all parties of record.

<div style="margin-left: 40%;">

By: /s/ Emily C. Palacios
101 North Main Street, 7th Floor
Ann Arbor, Michigan  48104
(734) 668-7784
palacios@millercanfield.com
(P64941)

</div>